**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona limited liability company, and LPL LICENSING, L.L.C., a Delaware limited liability company,<br><br>                Plaintiffs,<br>    v.<br><br>HYATT CORPORATION and HYATT HOTELS CORPORATION,<br><br>                Defendants. | Case No.  2:14-CV-00980<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

In this action for patent infringement, Plaintiffs Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") (collectively, "Plaintiffs") make the following allegations against Hyatt Corporation and Hyatt Hotels Corporation ("Defendants").

**INTRODUCTION**

1. Phoenix owns the inventions for the following marketing technology (the "patented marketing technology"):

    (a) Apparatuses, methods, and systems that automatically generate personalized communication documents for financial products or services, where the communications include personalized content that present alternative descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in United States Patent Number 7,890,366 entitled "Personalized Communication Documents, System and Method for Preparing Same" (the "'366 patent");

    (b) Apparatuses, methods, and system that use client information to automatically select financial products or services appropriate for the client

        and prepare personalized client communications offering the selected products, as described and claimed in United States Patent Number 8,352,317 entitled "System for Facilitating Production of Variable Offer Communications" (the "'317 patent");

(c) Apparatuses, methods, and systems that automatically generate customized communications offering financial products or services to a plurality of clients, and replies to client responses to such communications, as described and claimed in United States Patent Number 8,234,184 entitled "Automated Reply Generation Direct Marketing System" (the "'184 patent");

(d) Apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in United States Patent Number 6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "'938 patent"); and

(e) Apparatuses, methods, and systems that use client information to automatically select products appropriate for the client, as described and claimed in United States Patent Number 8,738,435 entitled "Method And Apparatus For Presenting Personalized Content Relating To Offered Products And Services" (the "'435 patent") (hereafter, the above patents are collectively referred to as the "patents-in-suit").

    2.    Pursuant to a license agreement dated December 1, 2006, LPL is the exclusive licensee of the patents-in-suit.

    3.    Defendants have been and are now infringing the patents-in-suit by making, using, offering for sale, selling, and/or importing products covered by one or more claims of the patents-in-suit without Plaintiffs' permission.

    4.    Plaintiffs seek monetary damages for Defendants' infringement and a permanent injunction prohibiting Defendants from continuing to infringe the patents-in-suit.

## PARTIES

5. Phoenix is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

6. LPL is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona and an office and personnel in Tyler, Texas.

7. Upon information and belief, Hyatt Corporation is a Delaware corporation with its principal place of business at 71 South Wacker Drive, 12th floor, Chicago, Illinois 60606.

8. Upon information and belief, Hyatt Hotels Corporation is a Delaware corporation with its principal place of business at 71 South Wacker Drive, 12th floor, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have done business in this District, and have committed and continue to commit acts of patent infringement in this District.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,890,366

12. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

13. On February 15, 2011, the United States Patent and Trademark Office issued the '366 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that automatically generate personalized marketing communications for financial

products or services, where the communications include personalized content that present alternative descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in the '366 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '366 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '366 patent.  A true and correct copy of the '366 patent is attached as Exhibit A.

14. Defendants have been and are now directly infringing one or more claims of the '366 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning credit cards and special pricing, rewards, and savings on hotels.

15. Defendants have committed these acts of infringement without license or authorization.

16. By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '366 patent under 35 U.S.C. § 271.

17. As a result of Defendants' infringement of the '366 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

18. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '366 patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,352,317

19. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

20. On January 8, 2013, the United States Patent and Trademark Office issued the '317 patent for inventions covering the following marketing technology: apparatuses, methods, and system that use client information to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products, as described and claimed in the '317 patent. Phoenix is the owner by assignment of all right, title, and interest in the '317 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '317 patent. A true and correct copy of the '317 patent is attached as Exhibit B.

21. Defendants have been and are now directly infringing one or more claims of the '317 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers. These materials contain, for example, customized notices and offers concerning credit cards and special pricing, rewards, and savings on hotels.

22. Defendants have committed these acts of infringement without license or authorization.

23. By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '317 patent under 35 U.S.C. § 271.

24. As a result of Defendants' infringement of the '317 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

25. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents,

servants, employees, representatives, and all others acting in active concert therewith from infringing the '317 patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,234,184

26. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

27. On July 31, 2012, the United States Patent and Trademark Office issued the '184 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that automatically generate customized communications offering financial products or services to a plurality of clients, and replies to client responses to such communications, as described and claimed in the '184 patent. Phoenix is the owner by assignment of all right, title, and interest in the '184 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '184 patent. A true and correct copy of the '184 patent is attached as Exhibit C.

28. Defendants have been and are now directly infringing one or more claims of the '184 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers. These materials contain, for example, customized notices and offers concerning credit cards and special pricing, rewards, and savings on hotels.

29. Defendants have committed these acts of infringement without license or authorization.

30. By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '184 patent under 35 U.S.C. § 271.

31. As a result of Defendants' infringement of the '184 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for

Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

32.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '184 patent.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,999,938

33.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

34.     On February 14, 2006, the United States Patent and Trademark Office issued the '938 patent for inventions covering the following marketing technology: apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in the '938 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '938 patent.  A true and correct copy of the '938 patent is attached as Exhibit D.

35.     Defendants have been and are now directly infringing one or more claims of the '938 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning credit cards and special pricing, rewards, and savings on hotels.

36.     Defendants have committed these acts of infringement without license or authorization.

37.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '938 patent under 35 U.S.C. § 271.

38.     As a result of Defendants' infringement of the '938 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

39.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '938 patent.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,738,435

40.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

41.     On May 27, 2014, the United States Patent and Trademark Office issued the '435 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that use client information to automatically select products appropriate for the client, as described and claimed in the '435 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '435 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '435 patent.  A true and correct copy of the '435 patent is attached as Exhibit E.

42.     Defendants have been and are now directly infringing one or more claims of the '435 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning credit cards and special pricing, rewards, and savings on hotels.

43.     Defendants have committed these acts of infringement without license or authorization.

44. By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '435 patent under 35 U.S.C. § 271.

45. As a result of Defendants' infringement of the '435 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

46. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '435 patent.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request the following relief from this Court:

A. A judgment in favor of Plaintiffs that Defendants have infringed the patents-in-suit;

B. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing of the patents-in-suit, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the patents-in-suit as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendants;

E. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest; and

    F.    Any and all other relief to which Plaintiffs may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: October 17, 2014 | RUSS AUGUST & KABAT |
| | |
| | /s/ *Marc A. Fenster* |
| | Marc A. Fenster (CA SBN 181067) |
| | Benjamin T. Wang (CA SBN 228712) |
| | 12424 Wilshire Boulevard, 12th Floor |
| | Los Angeles, California 90025 |
| | Telephone: (310) 826-7474 |
| | Facsimile: (310) 826-6991 |
| | mfenster@raklaw.com |
| | bwang@raklaw.com |
| | |
| | *Attorneys for Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C.* |